IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-00467-RM-SKC

JESSA HINTON,
JESSICA BURCIAGA,
JESSICA KILLINGS,
JULIANNE KLAREN,
KIMBERLY COZZENS, and
TIFFANY TOTH,

       Plaintiffs,

v.

4871 BROADWAY, INC., *d/b/a The Bustop*,
BUSTOP BOULDER, INC.,
BOULDER BUSTOP, LLC, and
4871 BBS, LLC,

       Defendants.

---

**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT
[ECF. #34]**

---

This Order addresses the Defendants 4871 Broadway, Inc. d/b/a/ The Bustop ("Bustop") and Bustop Boulder, Inc's ("Bustop Boulder") Motion for Leave to File Third-Party Complaint (the "Motion") [ECF. #34]. Plaintiffs have not stated an objection to the Motion during conferral, according to the Motion. [ECF. #34 at ¶¶ 1, 4.] The District Judge referred the Motion to this Court for a ruling. [ECF. #35.] The Court has reviewed the Motion, relevant federal rules and case law, and the entire case file. Oral argument will

1

not materially assist the Court in its determination. For the foregoing reasons, the Motion is GRANTED.

**BACKGROUND**

Plaintiffs Jessa Hinton, Jessica Burciaga, Jessica Killings, Julianne Klaren, Kimberly Cozzens, and Tiffany Toth ("Plaintiffs") bring this action for false endorsement and false advertising in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a), and Colorado common law against Defendants Bustop, Bustop Boulder, Boudler Bustop, LLC, and 4871 BBS, LLC (collectively, the "Defendants"). [ECF. #1.] Plaintiffs allege, in part, that Defendants' used the Plaintiffs' "images, likenesses, and/or identities" without authorization. [*Id* at ¶9.]

Defendants filed their Answer on April 24, 2019. [ECF. #23.] Shortly thereafter, Bustop and Bustop Boulder filed a Designation of Nonparties at Fault [ECF. #26] alleging that Foxfield Holdings, LLC d/b/a The Social Movement ("Social Movement") procured the images at issue in the Complaint for Bustop Boulder, and represented that Social Movement had "the authority and consent to use Plaintiffs' images." [ECF. #26 at p. 2.] Bustop and Bustop Boulder assert that, to the extent they are found liable for the allegations in the Complaint, Social Movement is "responsible, in whole or in part, for the injuries and damages alleged and asserted by Plaintiffs . . . ." [*Id.*]

Now, Bustop and Bustop Boulder bring this Motion requesting leave to file a third-party complaint wherein they bring six claims for relief against Social Movement for damages and attorney's fees. [*See* ECF. #34-2.]

**ANALYSIS**

2

Rule 14(a) of the Federal Rules of Civil procedure governs third-party practice in federal court. Under Rule 14(a):

> A defendant party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). "The General purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." *Patter v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986). Rule 14(a) "should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation." *U.S. Fidelity & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968).

"A timely motion for leave to implead a third party should be freely granted unless doing so 'would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *Am. Int'l Ins. Co. v. Cent. Sprinkler Co.*, No. 09-cv-02098-PAB-KMT, 2012 WL 1413106, at *1 (D. Colo. Mar. 31, 2010) (*quoting Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1309 (D. Colo. 1984)). However, "[i]f impleading a third-party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed." *U.S. Fidelity & Guar. Co.*, 388 F.2d at 773; *see also Farmers & Merchs. Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973). The determination of whether to allow the filing of a third-party complaint lies within the sound

3

discretion of the court. *See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992).

A claim under Rule 14(a) must depend, at least in part, on the resolution of the primary lawsuit. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). However, Rule 14(a) "does not require identity between the primary and third-party claims[,]" and "[t]he fact that the third-party defendant is not subject to the primary claims asserted by the plaintiff is no obstacle to third-party practice." *Maxfour Eng'rs & Architects, LLC v. ARB, Inc.*, 233 F.R.D 602, 605 (D. Colo. 2006).

Bustop and Bustop Boulder filed the Motion early in this litigation. Indeed, the Court has not yet held the Rule 16(b) scheduling conference or set the deadline for joinder and amendment of pleadings.[1] Because the joinder deadline is not set, the Court finds the Motion to be timely despite it being filed after Rule 14(a)(1)'s 14-day deadline for serving a summons and third-party complaint on a third-party defendant. *See* Fed. R. Civ. P. 14(a)(1) (requiring a third-party plaintiff to serve the third-party complaint on a third-party defendant within 14 days of serving its answer). Thus, the Motion should be "freely granted" unless doing so would prejudice the plaintiff, unduly complicate the trial, or foster an obviously unmeritorious claim. *See Am. Int'l Ins. Co.*, 2012 WL 1413106, at *1 (finding motion timely filed when filed prior to the joinder deadline).

Here, the Court finds that the proposed Third-Party Complaint [ECF. #34-2] would not prejudice Plaintiffs and it would not unduly complicate the trial because Defendants filed the Motion prior to discovery limitations and deadlines being set in this matter, and

---

[1] The Scheduling Conference is currently set for July 9, 2019. [ECF. #33.]

4

the claims asserted in the proposed Third-Party Complaint will not unduly complicate the trial. The nexus between the six claims asserted in the proposed Third-Party Complaint and Defendants' alleged unauthorized use of Plaintiffs' likenesses convinces the Court that trial of the third-party claims with Plaintiffs' claims will "obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interest of judicial economy." *Patten*, 646 F. Supp. at 429. Therefore, allowing the Third-Party Complaint will satisfy the purposes of Rule 14(a). *See id.* The fact that Plaintiff has not objected to the relief sought by the Motion supports this finding.

Finally, the proposed Third-Party Complaint, on its face, appears to contain the basic elements of a meritorious complaint, but the Court reserves any ruling on the merits and validity of the proposed Third-Party Complaint until it has been docketed and Social Movement has been added as a third-party defendant. *Cf. Gen. Steel Domestic Sales, LLC v. Steelwise, LLC,* No. 07-cv-01145-DME-KMT, 2008 WL 25204323, at *4 (D. Colo. 2008) (noting that the sufficiency of a claim is better addressed by a Rule 12 motion after the operative complaint is in place, rather than on consideration of a Rule 15(a) motion to amend the pleadings).[2]

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion [ECF. #34] is GRANTED. IT IS FURTHER ORDERED that the Clerk of Court shall accept Defendants' 4871 Broadway, Inc. d/b/a/ The Bustop and Bustop Boulder, Inc.'s Third-Party Complaint

---

[2] The Court notes that a Rule 14(a) third-party complaint may be asserted only "when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Saine*, 582 F. Supp. at 1309.

[ECF. #34-2] for filing as of the date of this Order. IT IS FURTHER ORDERED that the Clerk of Court shall add 4871 Broadway, Inc. d/b/a/ The Bustop and Bustop Boulder, Inc. as Third-Party Plaintiffs in this action, and Foxfield Holdings, LLC d/b/a The Social Movement as Third-Party Defendant. IT IS FURTHER ORDERED that the Scheduling Conference set for July 9, 2019, is VACATED and will be reset by the Court after a summons for the Third-Party Defendant Foxfield Holdings, LLC, d/b/a The Social Movement is returned executed and docketed.

DATED July 3, 2019.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge